Opinion of the Court.
THE executors of Thomas Marshall, claiming 4,000 acres of land by patent to their testator, and under tbe devises of his will, twenty-five years before this controversy commenced, took possession thereof, and leased the same to a tenant, which they have held ever since. About twenty-five years before the commencement of this suit, John Kercheval settled upon and took possession ofa preemption adjacent to, but not interfering with the said 4,000 acres, which,possession he has continued, by" himself or those claiming under him, until this time. About thirteen years previous to this suit said K erchevai bought a patent of 10,000 acres, cider than that of Marshall, and covering the s'aid tract of Marshall, as well as his own claim by pre-emption. After this purchase, he extended his farm, which lay on the pre-emption, into Marshall’s 4,000 acre tract; but at what time, does not appear. A few days or weeks before this controversy commenced, Kercheval, or rather his son, who ^pp^j.ta^s in his place, having received a conveyance ■TfebmiíS'Vboth the pre-emption and 10,000 acre tract, ordered upon and settled the present appellant as a tenant on the 4,000 acre tract of Marshall, on the woodland adjoining the tenement of their tenant, first settled. To oust the appellant, the executors of Marshall brought this warrant of forcible entry and detainer, and obtained an inquest in the country, in their favor, which was traversed by the appellant; and in the cir-cuifcourt the parties agreed the foregoing facts, and submitted the law to the court, who gave judgment against the appellant, and therefrom he has appealed to this court.
We perceive no error in the decision of that court. It is expressly agreed, that the executors had taken possession of the 4,000 acres, and had continued that *221 possession until the entry by Kercheval complained of. At what time Kercheval extended his enclosure in part ofihi’s farm? into that possession of Marshall, does not a^>ear. It might have'been within two years; and for any thing that appears to the contrary, Kercheval, for tljat extension of his fields, might have been, when this warrant was brought, as liable to the same proceedings as the appellant, his tenant, was in this suit; and surely a previous wrongful entry by him, could not justify this, his subsequent entry, against the possession in fact of Marshall’s executors. Besides, the nature and extent of his entry by extending his fields, is not explained, whether it was or was not intended to possess himself of the’ whole *10,000 acres. It is true, that any entry thereon, claiming tille, might be presumed as. intended to extend to the bounds of the whole 10,000 acres, in the absence of any rebutting proof; but this presumption is completely overturned by the admission of the continued possession of Mai’sl all’s executors, of the whole 4,000 acres, down to the date of this controversy.
The judgment is, therefore, affirmed with costs.